IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUGENE SHIELDS,

                                                  OPINION AND ORDER

        Petitioner,

                                                    17-cv-252-bbc

   v.                                                13-cr-44-bbc

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Eugene Shields has moved for post conviction relief under 28 U.S.C. § 2255, seeking correction of the sentence imposed on him after he was convicted of distributing heroin and cocaine. He believes that his sentence was calculated improperly, but a review of his motion shows no basis for this belief and, in any event, the time has passed in which he could file a post conviction motion. Accordingly, his motion for post conviction relief must be denied.

BACKGROUND

      Petitioner was charged in 2013 with four counts of knowingly and intentionally distributing a mixture or substance containing heroin and knowingly and intentionally distributing a mixture or substance containing cocaine. He entered a plea of guilty to one

1

charge of distributing both heroin and cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and was sentenced on February 11, 2014 to a term of 110 months. The probation office determined that petitioner was a career offender under § 4B1.1 of the United States Sentencing Guidelines. He was at least 17 years old at the time he committed the charged offense; his offense was a controlled substance offense; and he had at least two prior felony convictions at the time he committed this offense: a 2001 conviction for unlawfully selling a narcotic drug for which the maximum term of imprisonment is 20 years, in violation of Minn. Stat. § 152.023, subd. 1(1), and a 2004 conviction for possession with intent to deliver more than 40 grams of cocaine, in violation of Wis. Stat. § 961.41(1m)(cm).

At sentencing, petitioner's offense level was 34 and his advisory guideline imprisonment range was 188 to 235 months. He was given a reduced sentence of 110 months, for two reasons: to mitigate the disparity between the sentences for crack cocaine and powder cocaine offenses and to recognize the absence of any violent offenses in his background.

Petitioner did not appeal from his sentence. However, he filed a motion for reduction of the sentence, together with a motion for appointment of counsel, both of which were denied. Dkts. ##88, 89. He filed his present motion for vacation of his sentence on April 3, 2017, more than three years after he was sentenced.

OPINION

An initial question is whether petitioner's April 3, 2017 motion to vacate his sentence is timely. Petitioner did not take an appeal from his 2014 sentence and his time for doing so expired in 2015. Under 28 U.S.C. § 2255(f)(1) and (3), he had one year from the date on his which conviction became final in which to file, unless he could have shown that his motion was filed within one year after the right asserted was "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner contends that his filing is timely under Mathis v. United States, 136 S. Ct. 2243 (2016), but he has not cited anything in Mathis on in any other case to support his contention. The issue in Mathis was whether Iowa's statutory definition of "burglary" met the definition of a "violent felony" under 18 U.S.C. § 924(e). The case did not raise any issue relating to drug offenses or to the statutory time for appeal of criminal conviction.

In addition to Mathis, petitioner cites United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), presumably in support of his contention that this court erred in treating his two prior drug convictions as controlled substance offenses under the career offender guidelines. There are two problems with this: Hinkle is a decision from another circuit, with no binding effect on a case in this circuit, and it was based on different facts that do not exist in petitioner's case. However, because the Hinkle case is frequently cited in challenges to criminal convictions, I will discuss it briefly.

Hinkle was charged in Texas with the federal crime of possession with intent to

3

distribute cocaine, in violation of 18 U.S.C. § 841(a) and (b)(1)(C), after he had sustained two prior state convictions in Texas, one for burglary and a second for distribution of controlled substances. Hinkle challenged the sentencing court's decision to treat as a predicate offense his conviction for knowingly manufacturing, delivering or possessing with intent to deliver a controlled substance, arguing that a separate section of the statute defined "deliver" to include "offering to sell a controlled substance, counterfeit substance, or drug paraphernalia" and it was not possible to know which part of the statute was the basis for his conviction. The court of appeals agreed that Hinkle's drug conviction was not a predicate offense for a finding that he was a career offender. "In effect, the Texas law laid out two alternative means of satisfying one element, that of a single delivery." Id. at 576. As a result, "'[t]he 'delivery' element of Hinkle's crime of conviction criminalizes a 'greater swath of conduct than the elements of the relevant [Guideline] offense.'" Id. (quoting Mathis, 136 S. Ct. at 2251).

Even if the decision in Hinkle governed petitioner's case, which it does not, the decision would be of no assistance to petitioner. Petitioner was convicted in Minnesota in 2001 for the sale of a controlled substance, in violation of Minn. Stat. § 152.03, subd. 1(1) and subd. 3(a), a charge that carried a maximum term of imprisonment of 20 years. He was convicted in Wisconsin in 2004 of one count of possession with intent to manufacture, distribute or deliver a controlled substance weighing more than 5 grams but less than 15 grams, in violation of Wis. Stat. § 961.41(1m)(cm). Unlike Hinkle, he has made no showing that he is relying on a new right that has been made retroactively applicable to cases on

4

collateral review. § 2255f(3).

Moreover, petitioner has not shown that his challenge to his conviction is timely. In fact, his 2014 federal conviction became final in 2015. Nothing in either <u>Mathis</u> or <u>Hinke</u> affords him an opportunity to bring a late challenge to that conviction. Accordingly, I conclude that he has failed to show that he is entitled to any relief from his sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma pauperis</u>.

ORDER

IT IS ORDERED that petitioner Eugene Shields's petition for post conviction relief

under 28 U.S.C. § 2255 is DENIED.  His application for a certificate of appealability is DENIED as well.

Entered this 26th day of May, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge